UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREY OAKS COUNTRY CLUB, INC.,

      Plaintiff,

v.                                   Case No: 2:18-cv-639-FtM-99CM

ZURICH AMERICAN INSURANCE
COMPANY,

      Defendant.

_____/

**CASE MANAGEMENT REPORT**

The parties were unable to reach agreement on a schedule for this matter, and accordingly propose the following competing dates and discovery plans pursuant to Fed. R. Civ. P. 26(f) and M.D. Fla. R. 3.05(c):

| DEADLINE OR EVENT | GREY OAKS' PROPOSED DATES | ZURICH'S PROPOSED DATES |
|---|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | 11/30/2018 | 12/14/2018 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | -Filed by Plaintiff on 10/9/18 -Filed by Defendant on 10/12/18 | |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | 1/11/2018 | 2/28/2019 |

| DEADLINE OR EVENT | GREY OAKS' PROPOSED DATES | ZURICH'S PROPOSED DATES |
|---|---|---|
| **Disclosure of Expert Reports**<br><br>[Court recommends last exchange 6 months before trial and 1 – 2 months before discovery deadline to allow expert depositions] | 5/10/19 | Plaintiff: 9/6/2019<br><br>Defendant: 10/18/2019 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | 7/12/2019 | 11/29/2019 |
| **Dispositive Motions, Daubert, and Markman Motions**<br>[Court requires 4 months or more before trial term begins] | 8/16/2019 | 1/3/2020 |
| **Meeting In Person to Prepare Joint Final Pretrial Statement**<br>[(14) days before Joint Final Pretrial Statement] | 10/18/2019 | 4/3/2020 |
| **Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | 11/1/2019 | 4/17/2020 |
| **All Other Motions Including Motions In Limine, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | 11/8/2019 | 4/10/2020 |
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | 11/29/2019 | 4/29/2020 |

| DEADLINE OR EVENT | GREY OAKS' PROPOSED DATES | ZURICH'S PROPOSED DATES |
|---|---|---|
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term must not be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | 12/16/2019 | 5/18/2020 |
| **Estimated Length of Trial** [trial days] | 4 days | |
| **Jury / Non-Jury** | Jury | Grey Oaks has demanded a jury for all issues so triable |
| **Mediation**           Deadline: | 7/19/2019 | 10/4/2019 |
| Mediator:<br>Address: | Brett J. Preston<br>Hill Ward Henderson<br>Bank of America Plaza<br>Suite 3700<br>101 E. Kennedy Blvd.<br>Tampa, FL 33602 | |
| Telephone: | (813) 221-3900 | |
| [Absent arbitration, mediation is mandatory; Court recommends either 2 – 3 months after CMR meeting, or just after discovery deadline] | | |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes ____     No X<br><br>Likely to Agree in Future ____ | |

## I.      Meeting of Parties in Person

Lead counsel must [meet] in person and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A)1 a meeting was held telephonically with the Court's permission on Friday, November 2, 2018 by phone and was attended by Cary D. Steklof, Esq. and Walter J. Andrews, Esq. on behalf of the Plaintiff and Jason M. Chodos, Esq. on behalf of the Defendant.

## II.     Preliminary Pretrial Conference

Local Rule 3.05(c)(30)(B) provides that preliminary pretrial conferences are mandatory in Track Three cases.

**Track Two cases**: Parties (check one) [_____] request      [X] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:

**None at this time.**

## III.    Pre-Discovery Initial Disclosures of Core Information

**Fed. R. Civ. P. 26(a)(1)(C) – (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov

The parties _____ have exchanged X agree to exchange (check one) information described in Fed. R. Civ. P. 26(a)(1)(C) – (D)

_____ on _X_ by        (check one)    11/30/2018 – Proposed by the Plaintiff

12/14/18 – Proposed by the Defendant

Below is a description of information disclosed or scheduled for disclosure.

*(i)*     **the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

*(ii)*    **a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

*(iii)*   **a computation of each category of damages claimed by the disclosing party; and**

*(iv)*    **any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**IV.    Agreed Discovery Plan for Plaintiffs and Defendants**

**A.    Certificate of Interested Persons and Corporate Disclosure Statement –**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and

Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__ Yes

_____No                              Amended Certificate will be filed by _____

                                      (party) on or before _____(date).

**B.      Discovery Not Filed –**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests electronically.  See M.D. Fla. R. 3.03 (e).  The parties further agree as follows:

**The parties have no further agreements at this time concerning the non-filing of discovery.  As for the exchange of discovery materials, the parties agree that they will utilize reasonable efforts to keep the costs of reproduction as low as possible.**

**C.      Limits on Discovery –**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed. R. Civ. P. 33(a).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed. R. Civ. P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.    Depositions
2.    Interrogatories
3.    Document Requests
4.    Requests to Admit
5.    Supplementation of Discovery

**The parties have no further agreements at this time concerning (1) depositions; (2) interrogatories; (3) document requests; (4) requests to admit; or (5) supplementation of discovery.**

### D.      Discovery Deadline –

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

**The parties have no further agreements at this time concerning the discovery deadline.**

### E.      Disclosure of Expert Testimony –

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**The parties agree not to designate cumulative, testifying expert witnesses.**

### F.      Confidentiality Agreements –

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  (See M.D. Fla. R. 1.09).  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will

enforce appropriate stipulated and signed confidentiality agreements. See M.D. Fla. R. 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

**The parties anticipate that a confidentiality agreement may be necessary with respect to the disclosure of Plaintiff's financial information during the discovery process. If such an agreement is reached by the parties in this case, the parties may seek the Court's enforcement of the confidentiality agreement. The parties agree to refrain from submitting any unnecessary stipulated motions for protective order. Additionally, the parties will make reasonable efforts to resolve any disputes concerning confidentiality among themselves without the need for the Court's involvement, to the extent possible.**

G.      **Electronically Stored Information and Claims of Privilege –**

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

**The parties agree to comply with all applicable federal and local rules during the course of this action, including Fed. R. Civ. P. 34, with respect to the disclosure or discovery of electronically stored information. The parties will also make reasonable efforts to meet and confer in an attempt to informally resolve any disputes over electronically stored information without the need for Court involvement. To the extent that any issues arise concerning the disclosure/discovery of electronically stored information that cannot be informally resolved among the parties, the party that**

requested the disclosure/discovery of the materials will bring the issue to the Court's attention as soon as reasonably practicable.

The parties further agree to comply with all applicable federal and local rules during the course of this action, including Fed. R. Civ. P. 26(b)(3)-(5), concerning trial-preparation materials.  At this time, the parties have not reached any other agreements with respect to asserting claims of privilege or protection of trial-preparation materials. However, if such an agreement is reached by the parties in this case, the parties respectfully reserve their right to request this Court to include their agreement in an order.

**H.** **Other Matters Regarding Discovery –**

**Nothing further at this time.**

**V.** **Settlement and Alternative Dispute Resolution.**

**A.** **Settlement –**

The parties agree that settlement is

_____ likely __X__unlikely          (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes __X__ no                   _____ likely to request in future

**B.** **Arbitration –**

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically.  Does this case fall within the scope of Local Rule 8.02(a)?

_____ yes __X__ no

For cases not falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

_____ yes __X__ no                          _____ likely to agree in future

_____ Binding                               _____ Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b).  The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

__X__ yes _____ no                          _____ likely to agree in future

     **C.**    **Mediation –**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

     **D.**    **Other Alternative Dispute Resolution –**

The parties intend to pursue the following other methods of alternative dispute resolution:

**The parties have already conducted a pre-suit mediation that was unsuccessful, but intend to maintain an open line of communication and consider the potential for settlement as litigation progresses.**

Dated:   November 16, 2018

*Attorneys for Plaintiff,*
*Grey Oaks Country Club, Inc.*

By:  s/ Walter J. Andrews
    Walter J. Andrews  (Fla. Bar No. 84863)
    Michael J. Mueller (Fla. Bar No. 114938)
    Cary D. Steklof (Fla. Bar No. 86257)
    Hunton Andrews Kurth LLP
    1111 Brickell Avenue, Suite 2500
    Miami, Florida 33131
    Tel: (305) 810-6407
    Fax: (305) 810-2460
    wandrews@HuntonAK.com
    mmueller@HuntonAK.com
    csteklof@HuntonAK.com

*Attorneys for Defendant,*
*Zurich American Insurance Company*

By:  s/ Ira S. Bergman
    Ira S. Bergman (FL Bar No. 980900)
    Jason M. Chodos  (FL Bar No. 025823)
    Litchfield Cavo LLP
    600 Corporate Drive, Suite 600
    Fort Lauderdale, Florida 33334
    Tel.: (954) 689-3000
    Fax: (954) 689-3001
    bergman@litchfieldcavo.com
    chodos@litchfieldcavo.com

010212.0000001 EMF_US 71494236v2