```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GREY OAKS COUNTRY CLUB,
INC.,

      Plaintiff,

v.                            Case No: 2:18-cv-639-FtM-99NPM

ZURICH AMERICAN INSURANCE
COMPANY,

      Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on the parties' Cross-Motions for Partial Judgment on the Pleadings (Docs. #39, 45) and Responses in Opposition. (Docs. ##48, 53.) For the reasons set forth below, the Court denies plaintiff's Motion and grants in part defendant's Motion.

**I.**

This case involves an insurance coverage dispute for damages to plaintiff's country club property in Naples, Florida from Hurricane Irma. Plaintiff Grey Oaks Country Club, Inc. (plaintiff or Grey Oaks) alleges that Zurich American Insurance Company (defendant or Zurich) breached its coverage obligations to Grey Oaks under a commercial insurance policy, which is attached to the Amended Complaint (Doc. #20-1, the "Policy") (Count I), and acted in bad faith in contravention of Fla. Stat. § 624.155 (Count II).

The Court dismissed Count II (Doc. #8); therefore, only the breach of contract count for defendant's failure to compensate Grey Oaks in the full amount of its damages and loss resulting from Hurricane Irma remains. Defendant filed an Answer (Doc. #23) on January 18, 2019.

The parties cross move for partial judgment on the pleadings, asking the Court to favor their interpretation of the limits of coverage for "Golf Course Outdoor Grounds" available under the Policy, which turns on the determination of what the word "premises" means under the endorsement.

## II.

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (citations omitted). The Court accepts "the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted). "The complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The pleadings considered by the court on a motion for judgment on the pleadings include the complaint, answer, and the exhibits thereto. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). A motion for judgment on the pleadings can be granted only if the nonmoving party can prove no set of facts that would allow it to prevail. Palmer & Cay, Inc. v. Marsh & McLennan Cos., 404 F.3d 1297, 1303 (11th Cir. 2005).

**III.**

**A. Background**

Grey Oaks purchased commercial insurance policy No. CPO 2881188-11, from Zurich with a Policy Period from October 1, 2016 through October 1, 2017. Grey Oaks is situated on 1,233 acres of land that contains, among other things, two clubhouses and three championship golf courses, with its principal place of business at 2400 Grey Oaks Dr. North, Naples, Florida, 34105. (Doc. #20, ¶¶ 5, 11.) Grey Oaks purchased a "Golf Course Outdoor Grounds Coverage" endorsement in light of the substantial landscaping around Grey Oaks' golf grounds, which contains an eight-figure value in trees alone. (Id., ¶ 49.)

Grey Oaks alleges that the physical building damage from Hurricane Irma was substantial, with damage to the landscaping,

main clubhouse, the Estuary clubhouse, and the Estuary golf course. (Doc. #20, ¶¶ 12-17.)

**B. The Relevant Policy Language**

The only issue raised here is the number of "premises" subject to the Policy's $500,000 per premises limit of liability in the Golf Course Outdoor Grounds Coverage insuring agreement. The parties disagree as to the meaning of the term "premises" in the golf course grounds coverage. The Court will first set out the relevant policy language.

First, the named insured and mailing address on the Policy is listed as:

> Grey Oaks Country Club, Inc.
> (see named insured ENDT [endorsement])
> 2400 Grey Oaks Dr., Naples, Florida, 34105.

(Doc. #20-1, p. 8.) The Policy lists a Schedule of Forms and Endorsements that are made a part of the Policy. (Id., p. 10.) Under "Common Policy Forms and Endorsements", a Schedule of Named Insureds and a Schedule of Locations are listed. (Id.) Under "Property Portfolio Protection Forms and Endorsements", the Golf Course Outdoor Grounds Coverage is listed. (Id.) The Schedule of Named Insureds lists the following named insureds: Grey Oaks Country Club, Inc.; Grey Oaks Country Club, Ltd; GO Management Services, LLC; and GO Manager, LLC. (Id., p. 13.) On the next two pages, the Schedule of Locations are listed as follows:

|  | | Policy Number |
|---|---|---|
|  | | CPO 2881188-11 |

**SCHEDULE OF LOCATIONS**

**Zurich American Insurance Company**

Named Insured   GREY OAKS COUNTRY CLUB, INC.         Effective Date: 10-01-16
                                                    12:01 A.M., Standard Time

Agent Name   LUTGERT INSURANCE INC                  Agent No.  88007-000

| Loc. No. | Bldg. No. | Designated Locations (Address, City, State, Zip Code) | Occupancy |
|---|---|---|---|
| 001 | 001 | 2400 GREY OAKS DR N<br>NAPLES, FL 34105 | GREY OAKS<br>CLUBHOUSE |
| 001 | 004 | 2406 GREY OAKS DR N<br>NAPLES, FL 34105 | MAINTENANCE BLDG |
| 001 | 007 | 2400 GREY OAKS DR N<br>NAPLES, FL 34105 | GREY OAKS<br>RESTROOM |
| 001 | 009 | 2400 GREY OAKS DR N<br>NAPLES, FL 34105 | GREY OAKS<br>RESTROOM |
| 001 | 010 | 1600 ESTUARY DR<br>NAPLES, FL 34105 | ESTUARY CLUBHOUSE |
| 001 | 011 | 1600 ESTUARY DR<br>NAPLES, FL 34105 | ESTUARY<br>MAINTENANCE BLG |
| 001 | 012 | 1600 ESTUARY DR<br>NAPLES, FL 34105 | ESTUARY<br>REST AREA |
| 001 | 013 | 1600 ESTUARY DR<br>NAPLES, FL 34105 | ESTUARY<br>REST AREA |
| 001 | 014 | 1600 ESTUARY DR<br>NAPLES, FL 34105 | ESTUARY<br>REST AREA |
| 001 | 015 | 1600 ESTUARY DR<br>NAPLES, FL 34105 | ESTUARY<br>STREET LIGHTS |
| 001 | 017 | 1600 ESTUARY DR<br>NAPLES, FL 34105 | CHEMICAL & PESTICIDE |
| 001 | 018 | 1600 ESTUARY DR<br>NAPLES, FL 34105 | 2 FUELING STATION/TANKS |
| 001 | 019 | 1600 ESTUARY DR<br>NAPLES, FL 34105 | ESTUARY WASH STATION |

| | | Policy Number |
| | | CPO 2881188-11 |

**SCHEDULE OF LOCATIONS**

**Zurich American Insurance Company**

| Named Insured | GREY OAKS COUNTRY CLUB, INC. | Effective Date: 10-01-16 |
|---|---|---|
| | | 12:01 A.M., Standard Time |
| Agent Name | LUTGERT INSURANCE INC | Agent No. 88007-000 |

| Loc. No. | Bldg. No. | Designated Locations (Address, City, State, Zip Code) | Occupancy |
|---|---|---|---|
| 001 | 020 | 1600 ESTUARY DR NAPLES, FL 34105 | ESTUARY CHEMICAL STORAGE |
| 001 | 021 | 2400 GREY OAKS DR N NAPLES, FL 34105 | |
| 001 | 022 | 2400 GREY OAKS DR N NAPLES, FL 34105 | |
| 001 | 023 | 2400 GREY OAKS DR N NAPLES, FL 34105 | |
| 001 | 024 | 2400 GREY OAKS DR N NAPLES, FL 34105 | |

(Doc. #20-1, pp. 14-15.) A nineteenth location – fitness center at 2400 Grey Oaks Dr N. – was added to the Policy at Doc. #20-1, page 349.

**1. Commercial Property Definitions**

The Policy's Commercial Property Definitions section lists the following definitions for premises:

59. **"Premises"** means:

A location scheduled on the Declarations for this Commercial Property Coverage Part.

    a. If the location is described by address only, it includes the area associated with that address in which you are legally entitled to conduct your business activities and includes that area extending 1,000 feet beyond the address.

> b. If the location is described by an address and further described by geographic boundaries, it includes only the area within which such geographic boundaries in which you are legally entitled to conduct your business activities and includes that area that extending [sic] 1,000 feet beyond that area.
>
> . . .

(Doc. #20-1, p. 61.)

Next, the Real and Personal Property Coverage Form states:

> **A. COVERAGE**
>
> We will pay for direct physical loss of or damage to "real property" and "personal property" at a "premises" directly caused by a "covered cause of loss."[1] We will not pay more in any one occurrence than the applicable Limit of Insurance shown on the Declarations for such loss of or damage to Covered Property at that "premises."

(Doc. #20-1, p. 69.)

**2. Commercial Property Coverage Part Declarations**

The Commercial Property Coverage Part Declarations page lists a "Summary of Premises" under which it states, "Premises # 1" and "Premises Address, 2400 Grey Oaks Dr. N., Naples, Florida, 34105." (Doc. #20-1, p. 27.) Immediately underneath the Summary of Premises are listed the coverage and limits of insurance as follows:

---

[1] The parties do not dispute here that the cause of the loss is covered.

- 7 -

| COVERAGE | LIMIT OF INSURANCE | |
|---|---|---|
| REAL PROPERTY | $ | 27,218,835 |
| PERSONAL PROPERTY (EXCLUDING PERSONAL PROPERTY OF OTHERS) | $ | 14,288,645 |
| PERSONAL PROPERTY OF OTHERS | $ | 100,000 |
| BUSINESS INCOME | $ | 821,000 |
| GOLF COURSE OUTDOOR GROUNDS | $ | 500,000  PER PREMISES |
| | $ | 5,000  PER TREE, SHRUB, OR PLANT |

(Id.)  Page two of the Commercial Property Coverage Part Declarations has a section titled "Special Conditions":

**SUMMARY OF PREMISES**

PREMISES #   1

PREMISES ADDRESS
2400 GREY OAKS DR N
NAPLES, FL  34105

**SPECIAL CONDITIONS**

INCLUDES 1600 ESTUARY DR, NAPLES, FL
PPP-0229, WIND AND HAIL EXCLUSION--DIRECT DAMAGE AND TIME ELEMENT, DOES NOT APPLY.

(Id., p. 28.)[2]

A Commercial Property Change Endorsement, towards the end of the Policy, does not change the "premises", which are still listed as 2400 Grey Oaks Dr N and 1600 Estuary Dr, stating:

---

[2] Form PPP-0229 – Wind and Hail Exclusion – Direct Damage and Time Element – was deleted from the Policy, effective January 20, 2017.  See Doc. #20-1, p. 302.

| SUMMARY OF PREMISES (REVISED) | |
| --- | --- |
| PREMISES #   1 | PREMISES ADDRESS<br>2400 GREY OAKS DR N<br>NAPLES, FL  34105 |

**SPECIAL CONDITIONS**

INCLUDES 1600 ESTUARY DR, NAPLES, FL

(Id., p. 351.)

### 3. Golf Course Outdoor Grounds Coverage

The outdoor grounds coverage portion of the Policy begins: "This endorsement modifies the following: . . . COMMERCIAL PROPERTY DEFINITIONS." (Doc. #20-1, p. 151.) The Golf Course Outdoor Grounds Coverage is an additional coverage that was added to Section A., Additional Coverages, in the ADDITIONAL COVERAGES FORM, which states that additional coverages apply independently of one another and unless otherwise stated, the terms and conditions of the applicable coverage forms apply the additional coverages. (Id., p. 78.) The ADDITIONAL COVERAGES FORM is a 10-page form that can be found at page 78 of the Policy. (Id., p. 78.) Section A of the form (which applies to the Golf Course Outdoor Grounds Coverage) begins:

> Each of the following Additional Coverages apply independently of one another. Unless otherwise stated, the excluded causes of loss, exclusions, terms and conditions in the applicable Coverage Forms apply to these Additional Coverages.

- 9 -

>      The most we will pay for loss, damage, cost, or expense
> under any of the following Additional Coverages are the
> Limits of Insurance shown on the Declarations.  Limits
> for these Additional Coverages apply in addition to
> other applicable policy limits, unless otherwise stated.

(Id.)

As for definitions, the endorsement states:

> D. The COMMERCIAL PROPERTY DEFINITIONS are amended as follows:
>
>    1. The following is added:
>
>       **"Golf course outdoor grounds"** means:
>
>       a. Fairways, greens, tees, rough areas, out-of-bounds areas, sand traps, driving ranges; and
>
>       b. Land, lawns, trees, shrubs, and plants.
>
>    2. The definition of **"personal property"** is amended by adding **"golf course outdoor grounds"** to the list of items of what **"personal property"** does not mean.
>
>    3. The definition of **"real property"** is amended by adding **"golf course outdoor grounds"** to the list of items of what **"real property"** does not mean.

(Doc. #20-1, p. 152.)

**IV.**

As with all contracts, the interpretation of an insurance contract is a question of law to be decided by the Court. Feaz v. Wells Fargo Bank, N.A., 745 F.3d 1098, 1104 (11th Cir. 2014); Vitas Healthcare Corp. v. Evanston Ins. Co., 303 F. App'x 856, 857 (11th Cir. 2008).  "Under Florida law, if the terms of an insurance contract are clear and unambiguous, a court must interpret the contract in accordance with its plain meaning, and, unless an ambiguity exists, a court should not resort to outside evidence or the complex rules of construction to construe the contract." Key v. Allstate Ins. Co., 90 F.3d 1546, 1549 (11th Cir. 1996).

Under Florida law, a provision is ambiguous if, after resort to the ordinary rules of construction, "the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage." Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co., 913 So. 2d 528, 532. A provision "is not ambiguous merely because it requires analysis to interpret it." Gen. Star Indem. Co. v. W. Fla. Vill. Inn, Inc., 874 So. 2d 26, 31 (Fla. 2d DCA 2004). The remedy is to construe an ambiguous provision against the insurer and in favor of coverage. Taurus Holdings, 913 So. 2d at 532. But, "courts may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." Id.

"Moreover, in determining whether a contract is ambiguous, the words should be given their natural, ordinary meaning ... and ambiguity does not exist simply because a contract requires interpretation or fails to define a term." Key, 90 F.3d at 1549. Further, "an interpretation which gives a reasonable meaning to all provisions of a contract is preferred to one which leaves a part useless or inexplicable." Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n, 117 F.3d 1328, 1338 (11th Cir. 1997) (quoting Premier Ins. Co. v. Adams, 632 So. 2d 1054, 1057 (Fla. 5th DCA 1994)).

A question regarding an insurance policy's applicable limits may be resolved by the trial court as a matter of law. See <u>Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co.</u>, 331 F. App'x 640, 648 (11th Cir. 2009).

**V.**

Notably, the Golf Course Outdoor Grounds Coverage endorsement does not define "premises", nor does the section amend the definition of "premises" found in the Commercial Property Definitions Section; therefore, the Court turns to the applicable terms of the Commercial Property Definitions section:

> 59. **"Premises"** means:
>
> A location scheduled on the Declarations for this Commercial Property Coverage Part.
>
> a. If the location is described by address only, it includes the area associated with that address in which you are legally entitled to conduct your business activities and includes that area extending 1,000 feet beyond the address.
>
> b. If the location is described by an address and further described by geographic boundaries, it includes only the area within which such geographic boundaries in which you are legally entitled to conduct your business activities and includes that area that extending [sic] 1,000 feet beyond that area.
>
> . . .

(Doc. #20-1, p. 61.) Therefore, because the location on the Declarations for this Commercial Property Coverage Part is described by address only (see below), the Court finds that

"premises" unambiguously means the area within 1,000 feet of both 2400 Grey Oaks Dr N. and 1600 Estuary Dr.

---

**SUMMARY OF PREMISES**

**PREMISES #** 1          **PREMISES ADDRESS**
2400 GREY OAKS DR N
NAPLES, FL 34105

---

**SPECIAL CONDITIONS**

INCLUDES 1600 ESTUARY DR, NAPLES, FL
PPP-0229, WIND AND HAIL EXCLUSION--DIRECT DAMAGE AND TIME ELEMENT,
   DOES NOT APPLY.

---

(Doc. #20-1, p. 28.)[3] The Policy specifically describes the property covered by address, and does not refer to the "Schedule of Locations" under the summary of premises.

Even so, Grey Oaks would have the Court designate each of the 19 locations on the Schedule of Locations as a separate premise for purposes of the Golf Course Outdoor Grounds Coverage endorsement, relying on the use of the word "scheduled" under the definition of "premises." However, the definition of "premises" unambiguously states that "premises" means a location scheduled on the Declarations for Commercial Property Coverage Part and does not otherwise refer to the "Schedule of Locations" and the

---

[3] Zurich argues that there is only one premises – that is 2400 Grey Oaks Dr N. However, Zurich does not acknowledge and offers no explanation for the "special conditions" section that includes 1600 Estuary Dr.

"Schedule of Locations" is not part of the Declarations for Commercial Property.[4]

In sum, the Court finds that there are two "premises" for purposes of the Golf Course Outdoor Grounds Coverage – 2400 Grey Oaks Dr N. and 1600 Estuary Dr. Therefore, the Court denies Grey Oaks' Motion and grants Zurich's Motion to the extent the Court will limit the premises to the two addresses listed above subject to the Policy's $500,000 per premises limit of liability in the Golf Course Outdoor Grounds Coverage insuring agreement.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. #39) is **DENIED.**

2. Defendant's Motion for Partial Judgment on the Pleadings (Doc. #45) is **GRANTED IN PART** to the limits of liability set forth in this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of July, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Grey Oaks argues – with no citation to any authority – that because the Schedule of Locations is listed under the category of Common Policy Forms and Endorsements (Doc. #20-1, p. 10-11), then the Schedule of Locations applies to all of the coverage sections.

Copies:
Counsel of Record