UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREY OAKS COUNTRY CLUB,
INC.,

    Plaintiff,

v.                        Case No: 2:18-cv-639-FtM-99NPM

ZURICH AMERICAN INSURANCE
COMPANY,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration or, in the Alternative, For Relief Pursuant to 28 U.S.C. § 1292(b) (Doc. #62) filed on August 12, 2019. Defendant filed a Response in Opposition (Doc. #76) on September 4, 2019, and plaintiff replied (Doc. #84). For the reasons set forth below, the Motion is denied.

**I.**

This case involves an insurance coverage dispute for damages to plaintiff's country club property in Naples, Florida from Hurricane Irma. Plaintiff Grey Oaks Country Club, Inc. (plaintiff or Grey Oaks) alleges that Zurich American Insurance Company (defendant or Zurich) breached its coverage obligations to Grey Oaks under a commercial insurance policy, which is attached to the Amended Complaint (Doc. #20-1, the "Policy") (Count I), and acted

in bad faith in contravention of Fla. Stat. § 624.155 (Count II). The Court dismissed Count II (Doc. #8); therefore, only the breach of contract count for defendant's failure to compensate Grey Oaks in the full amount of its damages and loss resulting from Hurricane Irma remains. Defendant filed an Answer (Doc. #23) on January 18, 2019.

The parties cross moved for partial judgment on the pleadings, asking the Court to favor their interpretation of the limits of coverage for "Golf Course Outdoor Grounds" available under the Policy, which turns on the determination of what the word "premises" means under the endorsement. Grey Oaks argued that the Policy contains a Schedule of Locations that specifically lists 19 locations, thereby producing up to $9,500,000 of available coverage for the club's outdoor damages due to Hurricane Irma. Zurich asserted that there is only one "premises".

On July 15, 2019, the Court issued an Opinion and Order (Doc. #55) denying plaintiff's Motion and granting in part defendant's Motion. In sum, the Court found that the definition of "premises" in the Policy is unambiguous and that there are two "premises" for purposes of the Golf Course Outdoor Grounds Coverage – 2400 Grey Oaks Dr N. and 1600 Estuary Dr. Therefore, the Court denied Grey Oaks' Motion and granted Zurich's Motion to the extent the Court limited the premises to the two addresses listed above subject to

the Policy's $500,000 per premises limit of liability in the Golf Course Outdoor Grounds Coverage insuring agreement.

Grey Oaks contends that the Court committed clear error under Florida law and manifest injustice warrants reconsideration of the Court's Opinion for "multiple reasons" but only specifically discusses three reasons. (Doc. #62 at 2.) First, after rejecting Zurich's interpretation of the Policy as unreasonable, the Court should have deemed the Policy ambiguous at best and construed it liberally in Grey Oaks' favor. Second, the Court refused to give any meaning to the Schedule of Locations within the property coverage section even though the Policy's plain language makes clear that this schedule applies to the entire Policy. And third, the Court declined to apply the Schedule of Locations because Grey Oaks did not cite any legal authority for the proposition that a policy's "Common Policy Forms and Endorsements" must be applied to all coverage sections. (Id.)

If the Court determines that reconsideration is not warranted, Grey Oaks alternatively requests that the Court certify this case for interlocutory appeal.

## II. Reconsideration

### A. Standard

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and may be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber

Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Here, Grey Oaks argues that the third ground warrants reconsideration – the need to correct clear error or prevent manifest injustice.

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1073 (M.D. Fla. 1993); PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based. Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue - or argue for the first time - an issue the Court has already determined. Court opinions "are not intended

as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsborough County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.

**B. Analysis**

Grey Oaks first argues that the Court committed clear error by declining to apply Grey Oaks' interpretation of the Policy and find that the Schedule of Locations to the Golf Course Outdoor Grounds Coverage endorsement shows that Zurich agreed to insure 19 "premises." Grey Oaks further states that since the Court did not agree with Zurich's interpretation of the Policy (that there was only one premises), the Court should have construed the Policy limit broadly in favor of Grey Oaks and strictly against Zurich. In sum, if the Policy was susceptible to two or more interpretations, the Court should have deemed the Policy ambiguous and interpreted it in the insured's favor under Florida law.

In support, Grey Oaks relies in part on Penzer v. Transp. Ins. Co., 29 So. 3d 1000, 1005 (Fla. 2010). In Penzer, the Florida Supreme Court reiterated the established Florida law that "[i]f the relevant policy language is susceptible to more than one

reasonable interpretation, one providing coverage and another limiting coverage, the insurance policy is considered ambiguous" and any ambiguities are construed against the insurer and in favor of coverage. Id. Grey Oaks argues the Court did not follow either approach.

The Court noted the standard that Grey Oaks argues and applied it to reach its conclusion that "premises" unambiguously means the area within 1,000 feet of both 2400 Grey Oaks Dr N. and 1600 Estuary Dr. (Doc. #55 at 10-14.) Because the Policy is unambiguous in this regard, the Court need not interpret the contract against the insurer and in favor of the insured. "To allow for such a construction, however, the provision must actually be ambiguous." Penzer, 29 So. 3d at 1005.

Grey Oaks also argues that the Court erred in its conclusion that the Schedule of Locations must be specifically referenced within the Commercial Property Coverage Part to be applicable as the Schedule of Locations is the only part of the Policy where there are any locations scheduled as referenced in the definition of "premises." And that the Court erred in its refusal to interpret the Schedule of Locations within the property coverage because Grey Oaks did not cite any authority for the proposition that the "Common Policy Forms and Endorsements" apply to all of the coverage sections. (Doc. #55 at n.4.) However, Grey Oaks merely reiterates its arguments and interpretation of the Policy

language that the Court already considered in its Opinion and Order. Therefore, the Motion for Reconsideration is denied.

### III. Interlocutory Appeal

If the Court declines to reconsider its Opinion and Order, Grey Oaks argues that it satisfies the requirements for an interlocutory appeal under 28 U.S.C. § 1292(b).

Under 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

See 28 U.S.C. § 1292(b) (emphasis in original).

The Court must consider the following factors set forth in Section 1292(b) when analyzing whether to certify a question for interlocutory appeal: (1) Whether the order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. McFarlin v. Conseco Servs., LLC,

381 F.3d 1251, 1257 (11th Cir. 2004). The Eleventh Circuit has characterized a § 1292(b) interlocutory appeal as a "rare exception" to the premise that the great bulk of appellate review must be conducted after final judgment. Id. at 1264. As a result, § 1292(b) should "be used only in exceptional cases. . ." Id. at 1256. Even if this Court were to grant a Section 1292(b) certification concerning its Order granting partial summary judgment, the Eleventh Circuit would be under no obligation to consider an appeal of the Order. See McFarlin, 381 F.3d at 1259 ("[T]he court of appeals has discretion to turn down a [Section] 1292(b) appeal. And we will sometimes do so. The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the [Section] 1292(b) exception to it.").

Grey Oaks requests that the Court certify the following two questions to the Eleventh Circuit:

(1) Whether a Schedule of Locations, which is incorporated as a common form and endorsement in a policy with multiple coverages, must be given meaning and effect to determine the number of insured premises for a coverage subsection that does not specifically provide a schedule of premises or locations.

(2) When a dispute arises between a policyholder and an insurer regarding the meaning of a policy provision and the court rejects the insurer's interpretation as unreasonable, may a court forego the broader interpretation offered by the policyholder in favor of its own narrower interpretation of the policy.

The Court finds that these issues fail to satisfy the standard under § 1292(b) and denies plaintiff's Motion for Certification of Interlocutory Appeal. First, this insurance case is not "exceptional." See Cooper v. Navient Sols., LLC, No. 8:16-cv-3396-T-30MAP, 2017 WL 2291329, at *2 (M.D. Fla. May 25, 2017) (denying a Section 1292(b) certification in part because "this garden-variety consumer law case is certainly not 'exceptional'"). Second, Grey Oaks has not shown a substantial ground for difference of opinion about the Opinion and Order's resolution of the "premises" issue in the context of the Golf Course Outdoor Grounds coverage endorsement. To demonstrate a substantial ground for difference of opinion, the appellant must show "a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." Flaum v. Doctor's Assocs., Inc., No. 12-61198-CIV, 2016 WL 8677304, at *1 (S.D. Fla. Oct. 27, 2016). None of these circumstances are present here.

Accordingly, the Court finds that the issue presented by plaintiff is inappropriate for interlocutory appeal and denies the request for certification.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion for Reconsideration or, in the Alternative, For Relief Pursuant to 28 U.S.C. § 1292(B) (Doc. #62) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __23rd__ day of September, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record