```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GREY OAKS COUNTRY CLUB,
INC.,

      Plaintiff,

v.                               Case No: 2:18-cv-639-FtM-99NPM

ZURICH AMERICAN INSURANCE
COMPANY,

      Defendant.
_____

## **OPINION AND ORDER**

This matter comes before the Court on defendant's Objections to Order Entered By Magistrate Judge on Zurich American Insurance Company's Expedited Motion for Protective Order, Motion to Strike Plaintiff's Notices of Taking Deposition and motion to Quash Subpoena (Doc. #103) filed on November 18, 2019, to the Magistrate Judge's November 13, 2019, Order (Doc. #100). Also before the Court is defendant's Motion to Stay (Doc. #104) pending a ruling on the objections. On November 22, 2019, plaintiff filed an Omnibus Response to Defendant's Objections and Defendant's Motion to Stay (Doc. #107).

On November 13, 2019, the Magistrate Judge issued an Order (Doc. #100) granting in part and denying in part defendant's Motion for Protective Order, Motion to Strike Plaintiff's Notice of Taking

Deposition, and Motion to Quash Subpoena (Doc. #97). The Magistrate Judge extended the discovery deadline for the sole purpose of conducting depositions of Zurich's corporate representative and expert, and otherwise denied the motion without prejudice. The Magistrate Judge specifically found that good cause existed for the depositions to take place, and noted:

> Moreover, it appears that Zurich produced about 15,000 pages of documents as recently as August 23, 2019, and that at least as of October 11, 2019, there were outstanding issues concerning the sufficiency of Zurich's answers to interrogatories.

(Doc. #100, p. 2.) A magistrate judge's powers and jurisdiction are provided in 28 U.S.C. § 636(a). Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review any pretrial matter if "shown that the magistrate judge's order is clearly erroneous or contrary to law."

Defendant argues that "[t]he lengthy and inexcusable delays by Grey Oaks in pursuing written discovery pale in comparison to its extraordinary delay in seeking depositions." (Doc. #103, p. 6.) Defendant charted the "delays" in pursing discovery to support the objection that "it is patently clear that nothing about the manner in which Grey Oaks conducted itself in this action could even *remotely* be described as diligent." (Id., p. 7.) As a result, defendant argues that the Magistrate Judge committed clear

error by finding good cause.  Defendant also argues that the failure to provide an expert report could not be a basis for good cause because such a report was not required.  Further, defendant argues that it is manifest error to rely on the fact that defendant recently produced documents since the production was because of the delay of plaintiff in making the request.

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  <u>Sosa v. Airprint Sys., Inc.</u>, 133 F.3d 1417, 1418 (11th Cir. 1998) (citation omitted).

> Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.  Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery. Moreover, changes in the court's calendar sometimes will oblige the judge or magistrate when authorized by district court rule to modify the scheduling order.

Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment.

The Case Management and Scheduling Order (Doc. #19) in this case was issued on December 20, 2018, and set a deadline for discovery of September 16, 2019.  On July 15, 2019, the Court

denied plaintiff's motion for partial judgment on the pleadings but granted in part defendant's motion for partial judgment on the pleadings to the limits of liability.  (Doc. #55.)  A request to stay discovery was denied, and an Amended Case Management and Scheduling Order (Doc. #75) was issued on August 26, 2019, extending the deadline for discovery through November 18, 2019.  On September 4, 2019, defendant filed a motion seeking summary judgment, which was promptly denied on November 7, 2019, because the motion was premature and material facts were clearly in dispute.  (Doc. #96.)  The emergency motion immediately followed.

Having carefully considered the proceedings in this case, the Court finds that there is no clear error or manifest injustice in allowing the depositions to take place before the extended deadline.  The objections will be overruled.  To the extent that defendant also seeks an extension of the discovery deadline for additional depositions, Doc. #103, p. 3 n.3, that request is denied without prejudice to presenting a specific and compelling argument in a separate motion before the expiration of the deadline to conduct the depositions.

Accordingly, it is now

**ORDERED:**

1. Defendant's Objections to Order Entered By Magistrate Judge on Zurich American Insurance Company's Expedited Motion

for Protective Order, Motion to Strike Plaintiff's Notices of Taking Deposition and motion to Quash Subpoena (Doc. #103) are **overruled**.

2. Defendant's Motion to Stay (Doc. #104) is **denied as moot**.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of November, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Nicholas P. Mizell
United States Magistrate Judge

Counsel of Record